**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 3:21-CR-39 (TES)** |
| | : | |
| **ALBERT ROSS, a/k/a "BIG"** | : | |
| | : | |
| **Defendant** | : | |

<u>**PRELIMINARY ORDER OF FORFEITURE**</u>

WHEREAS, on January 22, 2024, Defendant Albert Ross, a/k/a "Big" (hereinafter "Ross" or "Defendant"), pled guilty to Counts One and Two of the Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II), and Conspiracy to Possess with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii);

AND WHEREAS, the Superseding Indictment contained a detailed Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 21, United States Code, Section 853, of specific property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**CURRENCY**

A. United States funds in the amount of three hundred two thousand, four hundred seventy-seven dollars ($302,477.00).

**JEWELRY**

A. One (1) single round 2.97 carat diamond earring;

B. One (1) pair of 14 karat white gold diamond earrings, total weight of 1.60 carats;

C. One (1) Mens Cartier, Model: Santos, watch "iced out" with 16.67 carats of after-market diamonds;

D. One (1) Ladies Rolex, Model: Datejust-6917, Oyster Perpetual Datejust, 26mm, with after-market diamond bezel, Serial Number: 5811274;

E. One (1) Mens Rolex, Model: Datejust-16014, Oyster Perpetual Datejust, 36mm, "iced out" with after-market diamonds, Serial Number: 5653980;

F. One (1) pair of "LV" gold-plated fashion earrings;

G. One (1) 10 karat rose/white gold hinged bangle diamond bracelet, with total diamond weight of 3.40 carats;

H. One (1) 10 karat yellow gold Cuban link necklace "iced out" with total diamond weight of 15.54 carats; and

I. One (1) 10 karat yellow gold Cuban link bracelet "iced out" with total diamond weight of 6.32 carats.

**FIREARMS/MAGAZINES**

A.  One (1) CZ, Model: Scorpion Evo 3 S1, 9mm pistol, Serial Number: C375378;

B.  One (1) Smith & Wesson, Model: M&P 45, .45 caliber pistol, Serial Number: HAB0521;

C.  One (1) Kel-tec, Model: P3AT, .380 caliber pistol; Serial Number: KP856;

D.  One (1) Glock, Model: 43, 9mm pistol, Serial Number: ADVD478; and

E.  Four (4) magazines,

(hereinafter collectively referred to as the "subject property").

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the subject property; (2) that the property is subject to forfeiture pursuant to 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the subject property;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction and the subject property is hereby forfeited to the United States.

2.     Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3.     The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4.     Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

5.     Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6.     Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7.     After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.     The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), for the filing of third-party petitions.

9.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 25th day of March, 2024.

S/ Tilman E. Self, III

_____

TILMAN E. SELF, III,  JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

PETER D. LEARY
UNITED STATES ATTORNEY


*/s/ Michael P. Morrill*
MICHAEL P. MORRILL
Assistant United States Attorney
Georgia Bar No.: 545410