IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No. 3:21-cr-39-TES-CHW-1 |
| ALBERT ROSS, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Defendant Albert Ross, *pro se*, has again requested that he be provided with several documents from his case fire at no cost. (Doc. 852). The Court previously denied a similar request, wherein the Court explained that Defendant was not entitled to documents in anticipation of filing a Section 2255 motion. (Doc. 849). Defendant now states that he "merely requested documentation to assist [him] at any time I need to resolve my issues." (Doc. 852). He specifically requests his grand jury minutes, sentencing transcripts, and trial transcripts. (*Id*.) He alleges that he had a public defender which entitles him to these documents at government expense. (*Id*.) For the reasons that follow, Defendant's motion (Doc. 852) is **DENIED**.

Defendant's request is deficient in several ways. First, Defendant mistakenly recounts that he had public defender. From Defendant's first appearance in this court, he was represented by retained counsel. *See* (Doc. 47). There is no suggestion anywhere in the record that Defendant is indigent. Next, the requested transcripts do not appear upon the docket. There is no "trial transcript" because Defendant pleaded guilty (Docs. 585, 586), and the Court's docket does not contain a transcript from Defendant's June 10, 2024 sentencing hearing. There are no transcripts to provide. *See* (Docket). Lastly, Defendant has failed to show a particularized need for the grand jury records in his case. Grand jury transcripts are not subject to disclosure absent certain

exceptions. Fed. R. Crim. P. 6(e). Defendant's generalized request for "grand jury minutes" to assist him with some unspecified issue or in hopes of finding error fails to meet the "particularized need" that Rule 6(e) exceptions require. *See United States v. Valencia-Trujillo*, 462 Fed. App'x 894, 898 (11th Cir. 2012). ("'No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.'") (quoting *United States ex rel Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999)).

Even if Defendant were indigent and the requested transcripts had been docketed, he would still not be entitled the records. As noted previously, Defendant's appeal was dismissed (Docs. 827, 832), and there is no post-conviction challenge pending before the Court. The absence of a post-conviction motion means that Defendant would not be entitled to free copies of a transcript at this time. *See United States v. Hernandez*, 431 Fed. App'x 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)[1] (concluding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs."). A defendant, post-conviction, "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." *United States v. Adamson*, 681 Fed. App'x 824, 827 (11th Cir. 2017) (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)).

---

[1] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Defendant's request for documents (Doc. 852) is **DENIED**. The Clerk of Court is **DIRECTED** to send Defendant a copy of the docket sheet. Defendant is advised that copies of case records are available at the cost of $.50 per page.

**SO ORDERED AND DIRECTED**, this 27th day of March, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
