# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT ROSS<br><br>*Defendant.* | CIVIL ACTION NO.<br>3:21-cr-00039-TES-CHW |

### ORDER

Before the Court are two pro se motions filed by Defendant Albert Ross: a Motion for Recusal [Doc. 866] of the United States Magistrate Judge assigned to this case and a Motion for Production of Documents [Doc. 868]. For the reasons stated below, the Court **DENIES** both motions.

### A.      Recusal Is Not Warranted Under 28 U.S.C. § 455

Recusal in a federal case is governed by two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Defendant Ross doesn't identify either in his motion. [Doc. 866, p. 1]. However, because he did not supply the affidavit required by § 144 and because he is proceeding pro se and, therefore, cannot supply the certificate of counsel also required by § 144, the Court only evaluates his motion under § 455. *See* 28 U.S.C. § 144; *Middlebrooks v. Macon-Bibb Cnty.*, No. 5:23-cv-00083-TES, 2024 WL 555884, at *7 (M.D. Ga. Feb. 12, 2024) (quoting *Williams v. N.Y.C. Housing Auth.*, 287 F.Supp.2d 247, 249

(S.D.N.Y. Sept. 25, 2003)) ("A pro se party cannot supply a certificate of counsel.").

"Under § 455(a), a judge shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." *United States v. Gelin*, No. 21-11091, 2022 WL 10220112, at *2 (11th Cir. Oct. 18, 2022). While § 455 does not require an affidavit, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (citing *United States v. Kelly*, 888 F.2d 732, 744–75 (11th Cir. 1989)); *see also Middlebrooks*, 2024 WL 555884, at *8 (citing *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)) (per curiam). "The allegation of bias must show that 'the bias is personal as distinguished from judicial in nature.'" *Gelin*, 2022 WL 10220112, at *2 (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

Here, Defendant Ross argues that recusal is warranted because the Magistrate Judge has denied his requests to obtain grand jury minutes and sentencing transcripts. [Doc. 866, p. 1]; *see also* [Doc. 865], *in connection with* [Doc. 852]. Judicial rulings, though, "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (citing *United States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977)). And, as far as pervasive bias goes, it is well established that adverse rulings do not constitute pervasive bias. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).

Therefore, given that the driving force behind Defendant Ross' recusal efforts merely stems from adverse rulings, recusal is not warranted under § 455. *See Everson v. Liberty Mut. Assur., Co.*, No. 1:05-CV-2459-RWS, 2008 WL 1766956, at *3 (N.D. Ga. Apr. 14, 2008) (holding that assertions of partiality based on unfavorable decisions do not warrant recusal under § 455). "Recusal cannot be based on 'unsupported, irrational[,] or highly tenuous speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)). Accordingly, the Court **DENIES** Defendant Ross' Motion to Recuse [Doc. 866].

### B.      Defendant Ross is Not Entitled to Free Copies of Court Documents

With respect to Defendant Ross' latest request for grand jury minutes, the relative indictment, sentencing transcripts, and an updated docket sheet, his request is **DENIED** once again. Like before, Defendant Ross relies on the Criminal Justice Act, 18 U.S.C. § 3006A(g), to obtain free copies of the grand jury minutes and other transcripts of court proceedings. [Doc. 868, p. 1]; *see also* [Doc. 852, p. 1]. First, the Court is not required to order the production of the grand jury minutes for Defendant Ross since he fails to show "a compelling and particularized need" for their production and fails to meet any of the exceptions provided by Federal Rule of Criminal Procedure 6(e)(3). Fed. R. Crim. P. 6(e)(3); s*ee United States v. Valencia-Trujillo*, 462 Fed. App'x 894, 898 (11th Cir. 2012); *see also United States ex rel Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999) ("'No grand jury testimony is to be released for the purpose of a fishing

expedition or to satisfy an unsupported hope of revelation of useful information.'"). Here, Defendant Ross' appeal was dismissed by the Eleventh Circuit more than six months ago, and there is no habeas proceeding under 28 U.S.C. § 2255 that is currently pending. [Doc. 832 (United States Court of Appeals Mandate dismissing appeal as to Albert Ross on August 9, 2024)]; *see* Fed. R. Crim. P. 6(e)(3)(E)(i) (permitting disclosure of "a grand-jury matter" if the information is sought is "in connection with a judicial proceeding").

Further, when it comes to "[f]ees for transcripts furnished in criminal proceedings," those are only "paid by the United States out of moneys appropriated for those purposes" when a defendant is represented by a *court-appointed attorney* under the Criminal Justice Act. 28 U.S.C. § 753(f). As the Magistrate Judge stated in his previous rulings, there "is no suggestion in the record that Defendant [Ross] is indigent" since he was represented by retained counsel from his first court appearance. [Doc. 865, p. 1].

A district court, however, is authorized to require government payment for the preparation of transcripts for prisoners in certain circumstances. For instance, 28 U.S.C. § 1915 permits payment for transcripts necessary to an appeal or for those required by the district court, stating in part:

> Upon the filing of an affidavit [of indigency] . . . the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is

>required by the district court, in the case of proceedings conducted under section 636(b) of this title . . . ; or (3) printing the record on appeal if such printing is required by the appellate court.

28 U.S.C. § 1915(c). Again, though, Defendant Ross' appeal has been dismissed since August 9, 2024. [Doc. 832]. Thus, § 1915 does not provide an avenue for Defendant Ross to obtain his sentencing transcript.

In collateral habeas corpus proceedings brought by an indigent defendant, "the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application *is pending*." 28 U.S.C. § 2250 (emphasis added). Also, 28 U.S.C. § 753(f) provides that the United States shall pay fees for transcripts furnished in habeas proceedings under 28 U.S.C. § 2255 "to persons permitted to sue or appeal in forma pauperis . . . if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Thus, an indigent defendant may obtain free transcripts upon a showing that the transcripts are necessary to decide an issue presented in a non-frivolous proceeding. *Id.* However, Defendant Ross has specifically stated that the Court "c[a]nnot construe [his filings] as a 2255 because they are not in conjunction with [his] []characterization of [his] motion." [Doc. 852, p. 1].

Quite plainly Defendant Ross has told this Court that he "merely requested" certain transcripts "to assist [him] at any time [he] need[s] to resolve [his] issues." [*Id.*].

5

That does not make free transcripts available as a matter of course. *Duc Ngoc Huynh v. United States*, Nos. 08–00297–CG, 06–00041–CG–B, 2011 WL 1059104, at *7 (S.D. Ala. Feb. 17, 2011) (citing *United States v. MacCollom*, 426 U.S. 317, 325 (1976)); *see also MacCollom*, 426 U.S. at 330 (Blackmun, J., concurring and stating, "Clearly, there is no constitutional requirement that the United States provide [a prisoner] with a transcript when that transcript is not necessary in order for him to prove [a] claim"). Where a federal prisoner has not moved to vacate his sentence under § 2255, courts routinely deny transcript requests. *United States v. Hernandez*, 431 F. App'x 813, 813 (11th Cir. 2011) (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)) (holding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner is entitled to be furnished copies of court records without costs").

Moreover, the Court has confirmed from the court reporter that the transcript for Defendant Ross' sentencing hearing has not previously been requested, so it is therefore not currently on file with the Clerk of Court. *Cf. United States v. Joyner*, No. 1:22-cr-242-ECM-JTA, 2024 WL 3625841, at *5 (M.D. Ala. Aug. 1, 2024) (permitting a defendant to "receive a copy of the transcripts that are already in the record in [a] case"). Also, Defendant Ross has not shown that the preparation of the requested transcript is necessary to decide a non-frivolous issue. "The non-frivolous certification requirement of [§] 753(f) means that such 'fishing expeditions' are necessarily improper, since there

6

is no way for a judge to determine whether a transcript is needed to decide the issues presented when a prospective [habeas] petitioner has not yet presented any issues." *United States v. Hernandez*, No. 1:05-cr-20596, 2010 WL 2572653, at *2 (S.D. Fla. June 24, 2010); *see also Whitsitt v. Krohomer*, No. C 04-2476, 2005 WL 2036923, at * 5 (N.D. Cal. Aug. 22, 2005) (a defendant's indigent status "does not [automatically] entitle him to a transcript of . . . court proceedings at no cost"). Accordingly, as the Eleventh Circuit has held, "[b]ased on the plain language and necessary operation of [§ 753(f)], . . . a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed." *Id.* (quoting *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998)). A prisoner is not entitled to search a transcript for possible error at the Government's expense. *Cf. United States v. Warmus*, 151 F. App'x 783, 787 (11th Cir. 2005) (applying this principle in the context where a § 2255 proceeding had not yet been filed).

### C. Conclusion

For the above-stated reasons and for those discussed by the United States Magistrate Judge in his previous rulings, the Court **DENIES** Defendant Albert Ross' Motion for Recusal [Doc. 866] and his Motion for Production of Documents [Doc. 868].

**SO ORDERED**, this 22nd day of April, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
