**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:21-CR-39-001(TES) |
| **ALBERT ROSS** | |

**ORDER ON MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

Federal Prisoner Albert Ross has moved the Court for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons outlined herein, the motion is **DENIED.** The Court has reviewed the motion on the merits and carefully considered the information submitted in the motion and the government's response. The Court has also considered the applicable policy statements issued by the Sentencing Commission and the applicable factors set forth in 18 U.S.C. §§ 3142(g) and 3553(a) – specifically the nature and circumstances of the instant offense, wherein the defendant was the head of a large-scale multi-kilogram drug trafficking organization, and the defendant's history and characteristics including money laundering and soliciting violence to protect and further his drug business.

As of this writing, Ross has served approximately 45 months of a Life sentence, is 54 years of age, and he has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A). Medically, the Court notes Ross committed the instant offense while simultaneously suffering from serious health conditions which were well documented throughout the pretrial and presentence phases of this case and considered at the time of sentencing. Moreover, in review of Bureau of Prisons (BOP) medical records, it appears Ross' healthcare services are adequate, comprehensive, and being rendered appropriately, despite his failure to adhere to prescribed protocols.

The Court finds the defendant has not provided "extraordinary and compelling" reasons to warrant granting a compassionate release in this case. The Court notes for the record the defendant is a danger to the safety of others and the community, and this Court would not order his release even if "extraordinary and compelling" reasons to grant a compassionate release were identified. This Court fully intends to require the defendant to serve his sentence as originally imposed.

Finally, as to Ross' restitution motion (Doc. 867), the Court takes notice Ross was not ordered to pay restitution in this case. A $1,000,000 fine and $200 mandatory assessment were imposed with financial penalties paid in accordance with the Court's Standing Order 2017-02, which includes payment during imprisonment pursuant to the BOP Financial Responsibility Program. Therefore, the Court dismisses the restitution motion.

So ordered this __3rd__ day of __July_____, 2025.



_____s/Tilman E. Self, III_____
TILMAN E. SELF, III
U.S. DISTRICT JUDGE